UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN PETERSON JANVIER,

        Plaintiff,

v.                                                      Case No: 6:21-cv-303-RBD-EJK

MARC L. LUBET,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("the Motion"). (Doc. 6.) Upon consideration, I respectfully recommend that the Motion be denied and the Court dismiss Plaintiff's Complaint (Doc. 1) with prejudice.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se*, brings this civil rights action against Defendant Judge Marc L. Lubet. (Doc. 1.) Plaintiff alleges that in a proceeding before Judicial Defendant Lubet, the court "barr[ed] [him] from pro se filing and barr[ed] [him] from argument attempt to commit carrying a concealed firearm is a first degree misdemeanor [i]n case number 2009-CF-016416-A-O." (*Id.* at 1.) Plaintiff does not specify what relief he seeks from Judicial Defendant Lubet. (*Id.* at 2.)

**II.  STANDARD**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff is

permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

"The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous." *Reames v. Hallman*, No. 5:17–cv–127–Oc–30PRL, 2017 WL 1460103, at *1 (M.D. Fla. Apr. 7, 2017) (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984)) (internal citations omitted), *report and recommendation adopted*, 2017 WL 1438256 (M.D. Fla. Apr. 24, 2017).

Still, the Supreme Court has cautioned that a case should be dismissed as frivolous only if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke*, 490 U.S. at 327. Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

### III.   DISCUSSION

**A.  Plaintiff's Complaint Is Frivolous.**

Upon review of Plaintiff's Motion to Proceed *In Forma Pauperis*, the Court concludes that Plaintiff is unable to pay the filing fee. However, the undersigned recommends that Plaintiff's Complaint be dismissed as frivolous.

Plaintiff's claim for relief against Judicial Defendant Lubet is barred by absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all

jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Accordingly, judicial immunity still operates to bar claims even where there are allegations of bad faith or malice. *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070.

Further, as the Eleventh Circuit has clarified, a court does not review whether the judicial act was *appropriate*, only whether the act was, in fact, a judicial activity. *Sibley*, 437 F.3d at 1071. "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 12–13 (internal quotation marks omitted).

Here, it is apparent based on the allegations that Plaintiff has included in his Complaint that he seeks redress for the effects of order(s) issued by Judicial Defendant Lubet in a case he was involved in as a defendant. Courts have dismissed cases under similar circumstances where a plaintiff seeks redress against a judicial officer for orders entered against him. *See, e.g.*, *Roller v. U.S. Dep't of Justice*, No. 6:13-cv-1770-Orl-36KRS, 2014 WL 2744814, at *1, *3 (M.D. Fla. June 17, 2014). Because the face of Plaintiff's Complaint shows that his claims are barred by absolute judicial immunity, the Court may dismiss them as frivolous under § 1915. *See Clark,* 915 F.2d at 640.

### B. Amendment Should Not Be Granted.

Leave to amend is generally freely given, but a district court may deny leave to amend where amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Amendment is futile, for example, where "the amended complaint would not survive a motion to dismiss." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). It would be futile to allow Plaintiff an opportunity to amend because his claims against Judicial Defendant are barred by absolute immunity. Accordingly, I recommend that the Court not give Plaintiff an opportunity to amend. *See, e.g.*, *Zabriskie v. Hansell*, 418 F. App'x 890, 891 (11th Cir. 2011) (unpublished) (holding in part that the district court did not abuse its discretion in dismissing a case as frivolous and not *sua sponte* offering plaintiff leave to amend, in part because the complaint was "implausible on its face").

### IV. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiff's Motion (Doc. 6).
2. **DISMISS** Plaintiff's Complaint **WITH PREJUDICE**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 4, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties